United States Bankruptcy Court
For the Western District of Texas
Austin Division

IN RE: §
 §
James Wayne See, § Case No. 14-11006-Davis
 §
Debtor § Chapter 7

<u>Objection to the Debtor's Amended Schedule C – Property Claimed as Exempt</u>

TO THE HONORABLE TONY M. DAVIS, UNITED STATES BANKRUPTCY JUDGE:

**This pleading requests relief which may be adverse to your interests.**

**If no timely response is filed within 21 days from the date of service, the relief requested herein may be granted without a hearing being held.**

**A timely response is necessary for a hearing to be held.**

COMES NOW John Patrick Lowe, the Trustee in this case, and makes and files this Objection to the Debtor's Amended Schedule C - Property Claimed as Exempt, and in support thereof would show unto the Court as follows:

1.

The undersigned is the Trustee in this Chapter 7 case. The case was commenced as a Chapter 7 proceeding on June 27, 2014 and has since remained pending under that Chapter. These objections are filed by right of 11 United States Code §§ 522 and 704 and Federal Rule of Bankruptcy Procedure 4003(b) and are filed within the extended deadline for objections to exemption claims. See docket entries 34 and 36.

2.

The Trustee objects to the Debtor's claim of exemption in assets described by the Debtor as "Debtor has an option to buy the two agricultural tracts from the tax assessed value and the house for $62,000.00, but only after the Debtors mother passes away." The alleged statutory bases for the claim of exemption are §§ 41.001 and 41.002 of the Texas Property Code. But those alleged bases don't

1

support the claim of exemption. Texas law requires that a homestead claimant have a present, possessory interest in the real property. A future interest won't do it. Future interests such as reversions and remainders won't support a homestead claim. See In re Brunson, Case No. 13-10357-D in this Court, docket number 33. An option is merely another future interest. It isn't a present, possessory interest. While the Debtor might perhaps have a present, possessory interest in the subject real property, that present, possessory interest isn't based on the option. Rather that interest is based on a lease. And the Trustee doesn't object to the claim of exemption in any leasehold interest in the real property. He merely objects to the claim of exemption in the option to purchase the real property tracts. He objects to any and all claims of exemption in any option to purchase any real property asset. He moves that each such claim of exemption in options be denied and overruled.

3.

The option to purchase the property appears to be derived from a September 1, 1999 Option Agreement between Vlasta See, as Optionor, and James W. See, the Debtor, as Optionee. That Agreement is found at Volume 513, page 140, and again at Volume 515, page 205 of the Real Property Records of Burleson County, Texas. Paragraph 11 of the September 1, 1999 Option Agreement provides in part that "...this option is peculiar to Optionee and is not assignable by Optionee, and the heirs, personal representatives or successors of Optionee may not exercise any of Optionee's rights under this agreement". A similar provision appear in a modification to the September 1, 1999 Option Agreement. In a prior Chapter 7 case filed in this Court, Case No. 11-11770-G, Vlasta See filed a dischargeability complaint against her son, the Debtor. The complaint appears at Adv. Pro. No. 11-1243-G. An agreed judgment was reached in that adversary proceeding. As part of the settlement of that adversary proceeding, it was agreed that the September 1, 1999 Option Agreement should be modified. And in that settlement agreement, this language, among others, appears at paragraph 5:

> The Residence Option shall be personal to James and may not be assigned or transferred by James to any third party. Any attempt at such transfer or assignment, including but not limited to any assignment by operation of law, without the consent of Ervin shall be null and void ab initio.

4.

But these two provisions, the entire attempt to restrain the voluntary or involuntary transfer of the option, are themselves ineffective. See 11 United States Code § 541(c)(1), which provides that, except for facts relating to a beneficial interest in a spendthrift trust (11 United States Code § 541(c)(2)), "an interest of the debtor in property becomes property of the estate under subsection (a)(1), (a)(2), or (a)(5) of this section notwithstanding any provision in an agreement....that restricts or conditions transfer of such interest by the debtor....

5.

So this statute makes the Debtor's rights as Optionee in the September 1, 1999 Option Agreement, as modified, an asset of the bankruptcy estate despite the attempts to provide otherwise.

6.

And the claim of exemption should be denied so that the rights in the Option Agreement themselves remain assets of the estate.

WHEREFORE premises considered, Movant requests the Court to enter an Order as requested above, and for such other and further relief, at law or in equity, as to which he may be justly entitled.

DATED: October 27, 2014.

Respectfully submitted,

_____
John Patrick Lowe, Trustee
State Bar No. 12623700
318 East Nopal
Uvalde, Texas 78801
(830) 278-4471
(830) 278-6347 (fax)
Email: johnplowe@sbcglobal.net

3

## Certificate of Service

This is to certify that a true and correct copy of the above and foregoing Objection to the Debtor's Amended Schedule C - Property Claimed as Exempt, and the proposed Order, have been served on the parties on the Service List, by First Class mail, postage prepaid; by the CM/ECF system; or by electronic mail on this the _14th_ day of October 2014.

_____
Patrick Lowe

# SERVICE LIST

| | | |
|---|---|---|
| Chrysler Financial<br>27777 Inkster Rd.<br>Farmington Hills, MI 48334-5326 | Discover Financial Services LLC<br>P.O. Box 3025<br>New Albany, OH 43054-3025 | Internal Revenue Services<br>Centralized Insolvency Operations<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 |
| American Express<br>500 North Franklin Turnpike<br>Ramsey, NJ 07446-1177 | American Express<br>P.O. Box 650448<br>Dallas, TX 75265-0448 | Bank of America<br>P.O. Box 15726<br>Wilmington, DE 19886-5726 |
| Brazos Anesthesiology Assoc.<br>1737 Briarcrest Dr., #14<br>Bryan, TX 77802-2769 | Brazos Valley Emergency Physicians<br>210 Judson Street<br>Navasota, TX 77868-3704 | Bryan Emergency Physicians<br>2801 Franciscan Drive<br>Bryan, TX 77802-2544 |
| Bryan Radiology<br>2722 Olser Blvd<br>Bryan, TX 77802-2517 | Capital One Card<br>Attn: Bankruptcy Department<br>P.O. Box 30285<br>Salt Lake City, UT 84130-0285 | Chase<br>P.O. Box 15298<br>Wilmington, DE 19850-5298 |
| Citi Cards/Citibank<br>P.O. Box 6241<br>Sioux Falls, SD 57117-6241 | Clayton Williams Energy, Inc.<br>c/o Cox Smith, Attorney<br>112 East Pecan St., #1800<br>San Antonio, TX 78205-1512 | Cully Lipsey<br>1021 University Drive East<br>College Station, TX 77840-2185 |
| Darryl Crowell<br>P.O. Box 295<br>Wadsworth, TX 77483-0295 | Discover Bank<br>DB Servicing Corporation<br>P.O. Box 3025<br>New Albany, OH 43054-3025 | Douglas J. Powell<br>820 West 10th Street<br>Austin, TX 78701-2065 |
| Ervin See, Guardian for Vlasta See<br>8708 County Road 272<br>Somerville, TX 77879-4508 | Farm Plan<br>P.O. Box 5328<br>Madison, WI 53705-0328 | Financial Control Services<br>6801 Sanger Avenue, Ste.195<br>Waco, TX 76710-7804 |
| Financial Corp America<br>12515 Research blvd, Ste. 100<br>Austin, TX 78759-2247 | Frank Steelman<br>1810 Greenfield Plaza<br>Bryan, TX 77802-3492 | Gossett, Harrison, Reese & Millican<br>P.O. Drawer 911<br>San Angelo, TX 76902-0911 |
| Internal Revenue Service<br>P. O. Box 7317<br>Philadelphia, PA 19101-7317 | James Wayne See<br>9150 FM 60 East<br>Somerville, TX 77879-4867 | Jay Goss<br>4343 Carter Creek Pkwy., Ste. 100<br>Bryan, TX 77802-4455 |
| Josua S. Clover, Attorney<br>114 E. Alamo Street, Ste. 34<br>Brenham, TX 77833-3798 | Mike Arnold<br>P.O. Box 430<br>Columbus, TX 78934-0430 | San Angelo Feedyard<br>P.O. Box 549<br>Mels, TX 76861-0549 |

Schneider, Krugler, Kleinschmidt
& Weiser, P.C.
124 S. Polk
Gidding, TX 78942

St. Joseph Regional Health Center
5215 Holy Cross Parkway
Mishawaka, IN 46545-1469

Target TBN
P.O. Box 9475
Minneapolis, MN 55440-9475

United States Attorney
Western Dist.of Texas-Civil Div.
601 NW Loop 410, #600
San Antonio, TX 78216-5510

Judy A. Robbins
United States Trustee
903 San Jacinto Blvd, Ste. 230
Austin, TX 78701-2450

Universal CD/CBNA
P.O. Box 6241
Sioux Falls, SD 57117-6241

Verizon Wireless Bankruptcy Admin.
P.O. Box 53410
Bellevue, WA 98015-3410

Veterinary Services
1409 E. Loop 301
Sulfur Springs, TX 75482-3057

Vlasta O. See
c/o Lisa C. Fancher
98 San Jacinto Blvd., Ste. 2000
Austin, TX 78701-4288

Vlasta See
c/o Ervin See
9150 FM 60 East
Somerville, TX 77879-4867