# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| *In re:* | § | CASE NO. 14-11006-tmd |
| | § | |
| **JAMES WAYNE SEE,** | § | |
| | § | |
| Debtor. | § | Chapter 7 |

## DEBTOR'S RESPONSE TO OBJECTION TO THE TRUSTEE'S OBJECTION TO THE DEBTOR'S AMENDED SCHEDULE C – PROPERTY CLAIMED AS EXEMPT

**TO THE HONORABLE TONY M. DAVIS, U.S. BANKRUPTCY JUDGE:**

 **COMES NOW, JAMES WAYNE SEE,** Debtor in the above captioned and numbered bankruptcy proceeding and files this his Response to the Objection to the Debtor's Amended Schedule C – Property Claimed as Exempt filed by John Patrick Lowe, ("Trustee " herein), and would show the Court as follows:

1. Debtor admits the allegations contained in paragraph 1 of the Trustees objection.
2. Debtor denies the allegations, if any, contained in paragraph 2 of the Trustees objection. Defendant would show that he has a present possessory interest in the property, a lease, from his mother to reside in, occupy and farm the property in question. The remaining option is, in the Debtors opinion, valueless as it requires (1.) that his mother pass away and second; (2.) that when she does, he has only the option to purchase the land without the mineral at its then fair market value, and (3.) this option is non-transferable and can only be exercised by the Debtor as it is the desire of everyone to keep this land in the family.
3. Debtor admits the allegations contained in paragraph 3 of the Trustees objection and agrees that restrictions on the transfer of this option were put in place multiple times in these settlement agreements between the Debtor and his brother on behalf of his mother. Further, to the extent that the Debtor is barred from transferring the property, so is the Trustee as the Trustee only gets whatever interest the Debtor has in property that becomes property of the estate and the mere fact that property of the Debtor in Bankruptcy becomes property of the estate does not form the basis

for a trustee in Bankruptcy to improve his position on this property by disregarding restrictions contained in recorded instruments because he could potentially sell the asset for more money if these restrictions did not exist. As the Trustee clearly has knowledge of these restrictions, they apply to him just like they apply to the Debtor.

4. Debtor denies the allegations contained in paragraph 4 of the Trustees objection.
5. Debtor denies the allegations contained in paragraph 5 of the Trustees objection.
6. Debtor denies the allegations contained in paragraph 6 of the Trustees objection.

**WHEREFORE, PREMISES CONSIDERED, JAMES WAYEN SEE,** Debtor herein, respectfully prays that this Court deny the relief requested by Trustee herein and for such other and further relief, both general and specific, at law or in equity, to which Debtor may show himself justly entitled.

Respectfully submitted,

**THE LAW OFFICES OF
DOUGLAS J. POWELL, P.C.**
820 West 10th Street
Austin, Texas 78701
Telephone: (512) 476-2457
Facsimile: (512) 477-4503

   /s/ Douglas J. Powell
Douglas J. Powell
Texas Bar No: 16194900
Email: djpowell@swbell.net

ATTORNEY FOR DEBTOR, JAMES WAYNE SEE

**CERTIFICATE OF SERVICE**

By my signature above, I hereby certify that a true and correct copy of the foregoing was sent via email on this 28th day of October, 2014 to the following:

John Patrick Lowe, Chapter 7 Trustee

   /s/ Douglas J. Powell
Douglas J. Powell
Attorney for Debtor