# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| *In re:* | § | CASE NO. 14-11006-tmd |
| | § | |
| JAMES WAYNE SEE, | § | |
| | § | |
| Debtor. | § | Chapter 7 |

## Debtor's Brief in Opposition to the Chapter 7 Trustee's Objection to Debtor's Amended Schedule C

**TO THE HONORABLE TONY M. DAVIS, U.S. BANKRUPTCY JUDGE:**

COMES NOW, **JAMES WAYNE SEE,** Debtor in the above captioned and numbered bankruptcy proceeding and files this his Brief in Opposition to the Trustee's Objection to Debtor's Amended Schedule C and would show the Court as follows:

### I.

### Summary

In his schedules, Debtor discloses his interests in three leaseholds that were given to him in 2013 as a part of the settlement of a prior adversary proceeding involving a disagreement with members of his immediate family – Adversary Number 11-1243-cag. In two of the three Lease Agreements, there is incorporated within the body of each lease an option to purchase the land covered by the lease to the Debtor. Attached to each of these two leases is an Addendum that more specifically sets forth the terms and conditions associated with the option agreement. These two leases – both of which cover the land the Debtor farms - give the Debtor the right to immediately exercise the option to purchase the land that is the subject of the lease with a termination date for both the lease and the option that is 180 days after the death of the Debtor's mother, Vlasta O. See. The third lease – covering the 2.3071 acres with the house where Debtor lives – references and incorporates the terms of an option given to him in 1999 by his mother. Each of the leases gives the Debtor the exclusive present right to the use, occupancy, possession and control of the land covered by each lease. As the options are contained within the language of each respective lease, the Trustee cannot not separate the lease into two parts – lease *and* option - and sell the option while leaving the lease to the Debtor. As the Debtor has claimed his interests in all the leases as exempt as his

homestead, to which there has been no objection, the Trustee's attempt to separate the option from the lease which gives rise to its creation must fail and his objection to the Debtor's claim of exemption must be denied.

## II.

## The Leases

In referring to them for purposes of this brief, there is a lease with an option to purchase a 2.3071 acre tract of land with the house in which the Debtor presently resides, a lease with an option to purchase an adjoining 38 acre tract, which the Debtor presently farms, and a lease with an option to buy a non-adjoining 55.81 acre tract of land, which the Debtor also farms. Debtor received these leases as a part of the settlement of the above-referenced adversary proceeding on 2013.

## A.

The lease that was executed in 2013 covering the 2.3071 acres with the house where Debtor lives ratified and clarifies the earlier 1999 option granted by Vlasta O. See to James See. In relevant part, the option to purchase the 2.3071 acre tract states that the purchase price shall be $62,000.00 cash (Option Agreement, Section 3), that the option period does not begin until the date of his mother's death (at this time, she is still alive) and ends 180 days after that date. (Option Agreement, Section 2). The Option Agreement further provides "[t]his option will be binding on and inure to the benefit of the parties to it and to the heirs, personal representatives, successors and assigns of Optionor; however, this option is peculiar to Optionee and is not assignable by Optionee, and the heirs, personal representatives or successors of Optionee may not exercise any of Optionee's rights under this agreement." (Option Agreement, Section 11). Debtor first asserts that the restrictive language in this option renders it such that it is not and cannot be property of the estate. Further, as the language in the option clearly states that only the Optionee may exercise it and that the heirs, personal representatives or successors may not exercise any of Optionee's rights, then any attempted sale or assignment by the Bankruptcy Trustee would not be binding upon the Optionor or her Guardian, Ervin See, Jr.

In 2013 in conjunction with the settlement of the above-referenced adversary proceeding, Debtor executed with the Guardian for his mother, Ervin See, Jr., a Residential

Lease on the 2.307 acre tract that gave Debtor the right to possession of the tract and specifically references the Option Agreement.

> Notwithstanding anything above to the contrary, the Term or Renewal Term, as applicable, of this Lease shall automatically terminate on the death of Vlasta O. See ("Date of Death") and shall become a month-to-month lease on such Date of Death which month-to-month lease shall expire on the first of the following event to occur: (a.) termination of this Lease as provided herein, (b.) the closing of the purchase of the Premises by James under that certain Option Agreement dated September 1, 1999 and recorded in Document No. 0003975 and re-recorded in Document No. 0004396 of the Official Public records of Burleson County, Texas (the "House Option"), . . .
> Residential Lease, Page 2, Paragraph 1.

As such, both the lease and the option are intertwined with the lease giving the exclusive present right to possession, occupancy, use and control of the 2.307 acre tract which includes house where Debtor resides, and referencing a specific event in the future which will terminate the lease, one of which being the purchase of the house by the Debtor. Accordingly, both the Debtor's interest in the lease and the referenced option to purchase are properly claimed as exempt in this proceeding.

## B.

At the same time Debtor executed the Residential Lease referenced above, he also executed with his brother, the Guardian of his mother, Vlasta O. See, a document styled Home Place Agricultural Lease (With Option to Purchase). This lease gives the Debtor the exclusive present right to the use, occupancy, possession and control of the 38 acre tract of land which surrounds the above-referenced 2.307 acre tract and is used by the Debtor to farm. In the most recent crop season the Debtor farmed cotton on this tract. Paragraph 13 of the Lease provides as follows:

> 13. Option. The option (the "Option") to purchase the Premises granted by Vlasta to James, the terms of which are attached hereto as the Option Addendum, are made a part hereof. If James defaults under the Lease, the Option shall automatically terminate. In that event, James shall not be entitled to recoup any Rent paid for the Lease.
> Home Place Agricultural Lease (With Option to Purchase) Page 3.

As the lease gives Debtor the exclusive present right to the use, occupancy, possession and control of the 38 acres surrounding the 2.307 acre tract of land and, in addition, provides that

the Debtor shall have an option to purchase the property within a specified period of time, the two are intertwined and cannot be separated.

Additionally, the Debtor filed a Homestead Affidavit with the Burleson County Clerk a Homestead Affidavit dated May 29, 2009 designating both of the above two tracts as his homestead. A copy of this Homestead Affidavit is attached hereto as Exhibit D-1 and incorporated herein by reference as if fully set forth at length.

Accordingly, the Debtor's claim of exemption in this lease and the option incorporated into it is proper and the trustee's objection thereto must be denied.

### C.

At the same time Debtor executed the two leases referenced above, he also executed a document styled Bottom Land Agricultural Lease (With Option to Purchase). This lease gives the Debtor the exclusive present right to the use, occupancy, possession and control of a 56.81 acre tract of land which is used by the Debtor to farm and an option to purchase this land that expires at a time to be determined in the future. In the most recent crop season, Debtor farmed cotton on this tract. Paragraph 13 of the Lease provides as follows:

> 13. Option. The option (the "Option") to purchase the Premises granted by Vlasta to James, the terms of which are attached hereto as the Option Addendum, are made a part hereof. If James defaults under the Lease, the Option shall automatically terminate. In that event, James shall not be entitled to recoup any Rent paid for the Lease.
> Bottom Land Agricultural Lease (With Option to Purchase) Page 3.

As the lease incorporates the option into it, the two are too intertwined to separate. Accordingly, the Debtor's claim of exemption in this lease and the option incorporated into it is proper and the Trustee's objection thereto must be denied.

### III.

As the leases give the Debtor the exclusive present right to the present use, occupancy, possession and control of each tract Debtor is within his rights to claim both the lease and the accompanying option as exempt as being his homestead as he lives on and farms the land. This places the facts of this case almost squarely within the boundaries of the Court's decision in *In re Eskew*, 233 B.R. 708 (Bankr. W.D. Tex. 1998), where the remainderman held a current but unwritten and rent-free lease on the premises to which he was going to succeed upon the expiration of the life estate. The Court in that case held that because the Debtor had

the actual present right to exclusive possession of the property, his future interest merged with his present interest, and thus the Debtor's claim that the property in question was his exempt homestead was properly made. Although the interest the Debtor seeks to claim as exempt in this case is not a life estate but instead an option to purchase the property being leased to him at some point in the future, both are nonetheless future interests. The Debtor in this case has written leases which require periodic payments that have incorporated into their terms an option to purchase the land within a certain specified period of time. Thus, like the *Eskew* case, the Debtor has actual, present, and exclusive possession of the property sufficient to give rise to a homestead claim on the leased land and this claim of exemption as to the leases themselves has not been challenged in this proceeding. As such, the option, being inseparable from and a part of the lease, it is also exempt. The *Eskew* court, in an opinion delivered by the learned and scholarly Judge Frank R. Monroe, relies heavily on the Texas Supreme Court's opinion in *Laster v. First Huntsville Props.*, 826 S. W. 2d 125 (Tex. 1991). In this opinion, the Texas Supreme Court holds that "one who holds only a future interest in property with no present right of possession in not entitled to homestead protection in that property." *Id.* at 130. In the present case, there is no dispute that the Debtor has the exclusive present right to the use, occupancy, possession and control of the land in question.

In another case from the Western District of Texas, the Court, when faced with a situation roughly analogous to those in the *Eskew* case, the Court in an opinion styled *In re Brunson*, 498 B.R. 160 (Bankr. W.D. Tex. 2013), followed both of the above-cases. In the *Brunson* case, the Co-Debtor had received by a Gift Deed from her father a remainder interest in her father's home. Debtors lived in the home with the father who was in his 90's and in ill health and, apparently, provided at least some care for the father, but provided no testimony and produced nothing in writing that gave them the right to the present possession of the house and, in fact, even conceded that Co-Debtor's father could evict them from the house at any time he wanted to do so. Based on this evidence, the Court held that the Debtors' claim of exemption on the remainder interest they held in the property must be denied despite the fact that the Debtors lived on the property as the Debtors had no right to the present possession of the property. Since the Debtor here holds a present and exclusive right to possession of the property through the lease, he is entitled to homestead protection of the property, including his option to purchase the property.

WHEREFORE, PREMISES CONSIDERED, JAMES WAYEN SEE, Debtor herein, respectfully prays that this Court deny the relief requested by Trustee herein and for such other and further relief, both general and specific, at law or in equity, to which Debtor may show himself justly entitled.

Respectfully submitted,

**THE LAW OFFICES OF**
**DOUGLAS J. POWELL, P.C.**
820 West 10th Street
Austin, Texas 78701
Telephone: (512) 476-2457
Facsimile: (512) 477-4503

___/s/ Douglas J. Powell_____
Douglas J. Powell
Texas Bar No: 16194900
Email: djpowell@swbell.net

ATTORNEY FOR DEBTOR, JAMES WAYNE SEE

## CERTIFICATE OF SERVICE

By my signature above, I hereby certify that a true and correct copy of the foregoing was sent via email on this 23rd day of January, 2015 to the following:

John Patrick Lowe, Chapter 7 Trustee

___/s/ Douglas J. Powell_____
Douglas J. Powell, Attorney for Debtor
James Wayne See